UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTINE SKWAREK,

      Plaintiff,
vs.

SUN LIFE AND HEALTH INSURANCE
COMPANY (U.S.),

      Defendant.
_____)

## COMPLAINT

The Plaintiff, Christine Skwarek ("SKWAREK"), by and through the undersigned counsel, hereby sues Sun Life and Health Insurance Company (U.S.) ("SUN LIFE") and alleges:

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. SKWAREK was at all times relevant a plan participant under the Meet Minneapolis Long Term Disability Policy, Group No.: 100-4660 ("LTD" Plan). The de facto final denial of benefits for failure to render a decision within the time frame allotted by ERISA, 29 C.F.R. §2560.503-1(i)(3) as described in detail below occurred within this Court's jurisdiction.

3. Defendant, SUN LIFE, is a corporation with its principal place of business in the State of Massachusetts, authorized to transact and transacting business in the Southern District of Florida. SUN LIFE is the insurer of benefits under the Meet Minneapolis LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, SUN LIFE administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The SUN LIFE LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Meet Minneapolis under which SKWAREK was a participant, and pursuant to which SKWAREK is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan, SKWAREK is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as SKWAREK remains disabled as required under the terms and conditions of the LTD plan.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. SKWAREK incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, SKWAREK was an employee or former employee of Meet Minneapolis and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of SKWAREK's employment, SKWAREK became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while SKWAREK was covered under the LTD Plan, SKWAREK suffered a disability rendering her disabled as defined under the terms of the LTD Plan. Due to concerns of privacy, the nature of her disabling condition is discussed in detail within the administrative record.

9. Pursuant to the terms of the LTD Plan, SKWAREK made a claim to SUN LIFE for short term disability benefits on or about February 6, 2009. SKWAREK received short term disability benefits until May 10, 2009, when her claim was transitioned to Long Term Disability.

10. The SUN LIFE LTD Plan defines Total Disability to mean: Total Disabilty must be caused by Sickness or Injury and must commence while you are insured under the policy. You will be considered Totally Disabled if: (1) during the Elimination Period and the following 36 months, you are unable to perform all the material and substantial duties of your Regular Occupation. (2) After the Elimination Period and the following 36 months, you are unable to perform the duties of Any Occupation.

11. On or about July 6, 2009, SUN LIFE approved SKWAREK's claim for LTD benefit under the LTD Plan with an effective start date for same as May 10, 2009.

12. On or about June 21, 2012, SUN LIFE contacted SKAREK, who was then unrepresented by counsel, and advised that the medical review conducted by SUN LIFE indicated that SKWAREK had the ability to work in a sedentary work capacity.

3

13. On or about June 21, 2012, during the phone conversation with SKWAREK, SUN LIFE advised her that based on its medical review that they would be conducting a Transferable Skills Analysis (TSA) to determine if there were occupations that SKWAREK could perform in light of her education, training, experience and SUN LIFE's opinion as to SKWAREK's medical restrictions and limitations. SUN LIFE advised SKWAREK that if applicable occupations were found her claim would be terminated effective May 10, 2012.

14. In lieu of conducting the TSA, SUN LIFE proposed a "potential voluntary alternate payment option" of $20,000.00 to SKWAREK to settle her claim and to waive all of SKWAREK's rights under her policy.

15. SKWAREK was not physically able to return to work and notified SUN LIFE on or about July 5, 2012, that she did not wish to accept the buyout.

16. As a result of her refusal to accept the cash settlement offer, on or about July 17, 2012. SUN LIFE terminated SKWAREK's claim for benefits.

17. Due to the pending 180 deadline to file an appeal of the SUN LIFE denial, on or about December 31, 2013, SUN LIFE granted SKWAREK's request for a 30 day extension to file her appeal contingent upon SKWAREK granting SUN LIFE 90 days to conduct its review of her appeal.

18. On or about January 2, 2013, SKWAREK, through undersigned counsel wrote SUN LIFE agreeing to the terms set forth in Paragraph 17.

19. SKWAREK appealed SUN LIFE's adverse determination on February 12, 2013.

20. On February 23, 2013, SUN LIFE acknowledged receipt of SKWAREK's appeal on February 13, 2013.

21. SKWAREK made multiple requests for an update as to the status of her Appeal. SUN LIFE responded with requests for additional information and continued the delay of its review.

22. SKWAREK provided information to SUN LIFE as requested.

23. SUN LIFE continued to delay the review of SKWAREK's Appeal. On or about July 26, 2013, SUN LIFE again advised that it was continuing to review SKWAREK's claim and for SKWAREK to provide additional information.

24. SKWAREK contends she provided all information to SUN LIFE for consideration in support of her Appeal.

25. Pursuant to the agreement to allow SUN LIFE 90 days to review SKWREK's claim, the 90 deadline expired on or about May 14, 2013.

26. As of the date of this Complaint, 170 days have passed since SUN LIFE acknowledged receipt of SKWAREK's Appeal.

27. SUN LIFE's actions have caused additional delay and undue financial hardship on SKWAREK.

28. SUN LIFE has requested no formal extension under ERISA to conduct its review of SKWAREK's claim.

29. SUN LIFE has breached its fiduciary duty to SKWAREK by failing to make a determination on her claim within the statutory time frame imposed by ERISA.

30. SUN LIFE is in violation of ERISA, 29 C.F.R. §2560.503-1(i)(3), for failure to render a decision within the statutorily imposed deadlines.

31. SUN LIFE's failure to render a timely response to SKWAREK's appeal is a de facto denial of benefits.

32. SKWAREK contends she has exhausted all administrative remedies in

light of SUN LIFE's unnecessary delay.

33. SUN LIFE breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to SKWAREK at a time when SUN LIFE and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as SKWAREK was disabled and unable to work and therefore entitled to benefits.

   b. After SKWAREK's claim was denied in whole or in part, SUN LIFE failed to adequately describe to SKWAREK any additional material or information necessary for SKWAREK to perfect her claim along with an explanation of why such material is or was necessary.

   c. SUN LIFE failed to properly and adequately investigate the merits of SKWAREK's disability claim and failed to provide a full and fair review of SKWAREK's claim at the time of the initial termination of benefits.

   d. SUN LIFE failed to respond to SKWAREK's appeal within the statutory imposed deadlines of ERISA, 29 C.F.R. §2560.503-1(i)(3).

34. SKWAREK believes and alleges that SUN LIFE wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which SKWAREK is presently unaware, but which may be discovered in this future litigation and which SKWAREK will immediately make SUN LIFE aware of once said acts or omissions are discovered by SKWAREK.

35. As a proximate result of the aforementioned wrongful conduct of SUN LIFE under the LTD Plan, SKWAREK has damages for loss of disability benefits in a total sum to be shown at the time of trial.

36. As a further direct and proximate result of this improper determination regarding SKWAREK's claims for benefits, SKWAREK, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SKWAREK is entitled to have such fees and costs paid by SUN LIFE.

37. The wrongful conduct of SUN LIFE has created uncertainty where none should exist; therefore, SKWAREK is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Christine Skwarek prays for relief against the Sun Life and Health Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 2, 2013

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

___/s/ *Stephen F. Jessup*_____
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com